**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**Seattle Division**

| | |
|---|---|
| MICHAEL STAPELMAN and TAMMIE HAYS, on behalf of themselves and all others similarly situated,<br>*Plaintiffs*,<br><br>v.<br><br>WALTER KIDDE PORTABLE EQUIPMENT, LLC d/b/a Kidde Safety Equipment, and BRK BRANDS, INC. d/b/a First Alert,<br>*Defendants*. | Case No. 2:25-cv-02413-TL<br><br>**DECLARATION OF MICHAEL K. ROSS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT BRK, LLC D/B/A FIRST ALERT, INC'S MOTION TO TRANSFER** |

I, Michael K. Ross, declare as follows:

1. I represent Plaintiffs in the above-captioned matter. I make this declaration in support of Plaintiffs' Opposition to Defendant BRK, LLC d/b/a First Alert, Inc.'s Motion to Transfer.

2. I have personal knowledge of the matters in this declaration, and I am competent to testify to the matters set forth below.

3. I, along with others, was counsel for plaintiffs in *Pons, et al. v. Walter Kidde Portable Equipment Inc. and BRK, LLC d/b/a First Alert*, 23-cv-03436 (N.D. Cal.). Counsel for Defendant Walter Kidde Portable Equipment, LLC d/b/a Kidde Safety Equipment ("Kidde") in that case informed me that former Kidde employee, Larry Ratzlaff, who lived in Illinois has passed away.


**AEGIS LAW GROUP LLP**
801 Pennsylvania Ave N.W. Suite 740 Washington D.C.
(202) 737-3373

4. Attached as Exhibit 1 are the pages relating to the Northern District of Illinois and the Western District of Washington from the December 2025 report of the Federal Court Management Statistics ("FCMS") and the FCMS's Explanation of Selected Terms, https://www.uscourts.gov/data-news/reports/statistical-reports/federal-court-management-statistics (last accessed May 7, 2026).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 8th day of May, 2026 in Washington, D.C.

Michael K. Ross



**AEGIS LAW GROUP LLP**
801 Pennsylvania Ave N.W. Suite 740 Washington D.C.
(202) 737-3373

# EXHIBIT 1

# U.S. District Court — Judicial Caseload Profile

**ILLINOIS NORTHERN**

| | | | Dec 31 2020 | Dec 31 2021 | Dec 31 2022 | Dec 31 2023 | Dec 31 2024 | Dec 31 2025 | Numerical Standing Within U.S. | Numerical Standing Within Circuit |
|---|---|---|---|---|---|---|---|---|---|---|
| **Overall Caseload Statistics** | Filings [1] | | 9,578 | 8,316 | 8,545 | 18,273 | 14,514 | 17,024 | | |
| | Terminations | | 12,510 | 8,826 | 8,872 | 9,072 | 12,202 | 14,763 | | |
| | Pending | | 12,910 | 12,341 | 12,018 | 21,229 | 23,499 | 25,727 | | |
| | Percent Change in Total Filings Current Year Over Earlier Year | | 77.7 | 104.7 | 99.2 | -6.8 | 17.3 | | 28 | 3 |
| Number of Judgeships | | | 22 | 22 | 22 | 22 | 22 | 22 | | |
| Vacant Judgeship Months [2] | | | 18.4 | 14.8 | 6.7 | 29.1 | 6.5 | 0.0 | | |
| **Actions per Judgeship** | **Filings** | Total | 435 | 378 | 388 | 831 | 660 | 774 | 16 | 2 |
| | | Civil | 388 | 335 | 355 | 798 | 630 | 733 | 9 | 2 |
| | | Criminal Felony | 38 | 31 | 23 | 23 | 19 | 27 | 90 | 7 |
| | | Supervised Release Hearings | 10 | 12 | 11 | 10 | 11 | 14 | 80 | 6 |
| | Pending Cases [2] | | 587 | 561 | 546 | 965 | 1,068 | 1,169 | 9 | 3 |
| | Weighted Filings [2] | | 424 | 378 | 386 | 729 | 659 | 792 | 9 | 1 |
| | Terminations | | 569 | 401 | 403 | 412 | 555 | 671 | 13 | 2 |
| | Trials Completed | | 4 | 8 | 8 | 11 | 9 | 9 | 77 | 6 |
| **Median Time (Months)** | From Filing to Disposition | Criminal Felony | 20.7 | 22.6 | 24.4 | 29.2 | 33.3 | 28.9 | 93 | 7 |
| | | Civil [2] | 21.3 | 7.4 | 6.9 | 5.7 | 6.6 | 6.2 | 19 | 2 |
| | From Filing to Trial [2] (Civil Only) | | 35.2 | 53.1 | 53.5 | 56.9 | 57.4 | 52.5 | 44 | 2 |
| **Other** | Number (and %) of Civil Cases Over 3 Years Old [2] | | 1,570<br>14.9 | 1,749<br>17.6 | 2,194<br>22.2 | 2,489<br>13.0 | 2,480<br>11.4 | 2,304<br>9.6 | 52 | 5 |
| | Average Number of Felony Defendants Filed per Case | | 1.3 | 1.4 | 1.3 | 1.5 | 1.3 | 1.4 | | |
| | Jurors | Avg. Present for Jury Selection | 53.3 | 107.1 | 102.6 | 77.3 | 60.9 | 58.1 | | |
| | | Percent Not Selected or Challenged | 41.8 | 70.5 | 69.6 | 54.3 | 47.2 | 46.6 | | |

**2025 Civil Case and Criminal Felony Defendant Filings by Nature of Suit and Offense**

| Type of | Total | A | B | C | D | E | F | G | H | I | J | K | L |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Civil | 16,130 | 543 | 3,998 | 1,167 | 4 | 74 | 692 | 971 | 870 | 3,294 | 2,566 | 87 | 1,864 |
| Criminal [1] | 587 | 6 | 138 | 51 | 116 | 121 | 52 | 33 | 1 | 3 | 8 | 14 | 44 |

NOTE: Criminal data in this profile count defendants rather than cases and therefore will not match previously published numbers.

[1] Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings by "Nature of Offense" do not.

[2] See "Explanation of Selected Terms."

## U.S. District Court — Judicial Caseload Profile

**WASHINGTON WESTERN**

| Category | Item | | Dec 31 2020 | Dec 31 2021 | Dec 31 2022 | Dec 31 2023 | Dec 31 2024 | Dec 31 2025 | Numerical Standing Within U.S. | Numerical Standing Within Circuit |
|---|---|---|---|---|---|---|---|---|---|---|
| **Overall Caseload Statistics** | Filings [1] | | 3,575 | 3,162 | 3,323 | 3,667 | 3,708 | 4,407 | | |
| | Terminations | | 3,139 | 3,758 | 3,213 | 3,660 | 3,605 | 3,907 | | |
| | Pending | | 3,541 | 2,943 | 3,059 | 3,060 | 3,168 | 3,667 | | |
| | Percent Change in Total Filings Current Year Over Earlier Year | | 23.3 | 39.4 | 32.6 | 20.2 | 18.9 | | 23 | 2 |
| Number of Judgeships | | | 7 | 7 | 7 | 7 | 7 | 7 | | |
| Vacant Judgeship Months [2] | | | 60.0 | 54.0 | 22.3 | 10.8 | 0.0 | 0.0 | | |
| **Actions per Judgeship** | **Filings** | Total | 511 | 452 | 475 | 524 | 530 | 630 | 26 | 6 |
| | | Civil | 439 | 379 | 402 | 450 | 451 | 548 | 20 | 4 |
| | | Criminal Felony | 48 | 40 | 34 | 38 | 43 | 45 | 72 | 9 |
| | | Supervised Release Hearings | 24 | 33 | 38 | 35 | 36 | 36 | 38 | 9 |
| | Pending Cases [2] | | 506 | 420 | 437 | 437 | 453 | 524 | 42 | 8 |
| | Weighted Filings [2] | | 445 | 421 | 425 | 481 | 471 | 584 | 23 | 7 |
| | Terminations | | 448 | 537 | 459 | 523 | 515 | 558 | 27 | 7 |
| | Trials Completed | | 7 | 12 | 13 | 12 | 13 | 14 | 49 | 4 |
| **Median Time (Months)** | From Filing to Disposition | Criminal Felony | 11.9 | 15.8 | 17.1 | 18.4 | 14.1 | 12.9 | 47 | 5 |
| | | Civil [2] | 7.4 | 8.7 | 7.0 | 6.2 | 6.5 | 6.0 | 18 | 5 |
| | From Filing to Trial [2] (Civil Only) | | 23.1 | 26.9 | 30.1 | 30.8 | 27.3 | 27.0 | 14 | 2 |
| **Other** | Number (and %) of Civil Cases Over 3 Years Old [2] | | 108<br>3.9 | 137<br>6.1 | 154<br>6.4 | 148<br>6.1 | 145<br>5.7 | 154<br>5.1 | 20 | 2 |
| | Average Number of Felony Defendants Filed per Case | | 1.7 | 1.4 | 1.4 | 1.4 | 1.5 | 1.5 | | |
| | Jurors | Avg. Present for Jury Selection | 37.8 | 58.0 | 41.4 | 37.2 | 39.3 | 39.7 | | |
| | | Percent Not Selected or Challenged | 30.3 | 38.2 | 29.5 | 26.1 | 25.3 | 24.0 | | |

**2025 Civil Case and Criminal Felony Defendant Filings by Nature of Suit and Offense**

| Type of | Total | A | B | C | D | E | F | G | H | I | J | K | L |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Civil | 3,836 | 471 | 35 | 587 | 3 | 31 | 218 | 601 | 373 | 201 | 607 | 2 | 707 |
| Criminal [1] | 316 | 3 | 145 | 23 | 38 | 33 | 15 | 45 | 0 | 5 | 2 | 1 | 6 |

NOTE: Criminal data in this profile count defendants rather than cases and therefore will not match previously published numbers.

[1] Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings by "Nature of Offense" do not.

[2] See "Explanation of Selected Terms."

# Explanation of Selected Terms

## Number of Judgeships

The number of appeals and district court judgeships reflects the number of authorized federal judgeships approved by Congress.

## Vacant Judgeship Months

Vacant judgeship months are the total number of months that vacancies occurred in any judgeship position in a circuit or district and are still vacant at the end of the current reporting period. Vacant judgeships from prior reporting periods are not counted in this total. The current judicial vacancies are listed on uscourts.gov.

Court profiles for both the courts of appeals and district courts reflect only caseloads for judges within the circuit/district; the profiles do not address judges' activity when visiting other circuits/districts. Detailed data on visiting judges can be found in Tables V-1 and V-2 of *Judicial Business of the United States Courts*.

## Applications for Interlocutory Appeals

In 2012, this category was expanded to include applications for permission to appeal under 28 U.S.C. § 1292(b); appeals from district courts' orders granting or denying motions to remand class actions to the state courts under 28 U.S.C. § 1453(c); applications for permission to file direct appeals from bankruptcy court orders under 28 U.S.C. § 158(d); appeals from orders granting or denying class action certification under Fed. R. Civ. P. 23(f); and various miscellaneous proceedings.

## Supervised Release Hearings

Beginning with *2002 Federal Court Management Statistics,* data on hearings on violations of conditions of supervision are included in the district court profiles. These hearings, which are conducted when defendants violate the terms of supervised release or probation, can result in the modification of conditions or the revocation of supervision. In addition to providing data for the category of supervised release hearings filed per authorized judgeship, data on these hearings are included in the totals for overall filings and terminations, filings and terminations per authorized judgeship, and weighted filings per authorized judgeship. These changes to the district court profiles were approved by the Judicial Conference Subcommittee on Judicial Statistics.

## 18 U.S.C. § 3582(c) Motions

Based on the recommendation from the Committee on Judicial Resources and its Subcommittee on Judicial Statistics, the Judicial Conference approved interim case weights for motions to modify an imposed term of imprisonment filed under 18 U.S.C. § 3582(c) effective as of October 1, 2025.

## Weighted Filings

Weighted filings statistics account for the different amounts of time district judges require to resolve various types of civil and criminal actions. The Federal Judiciary has employed techniques for assigning weights to cases since 1946. In 2004, the Judicial Resources Committee of the Judicial Conference of the United States approved a civil and criminal case weighting system proposed by the Federal Judicial Center. On a national basis, weighted filings did not change significantly after the implementation of the new case weights. More than two-thirds of all district courts saw their weighted filings change by 10 percent or less. Average civil cases or criminal defendants each receive a weight of approximately 1.0; for more time-consuming cases, higher weights are assessed (e.g., a death-penalty habeas corpus case is assigned a weight

of 12.89); and cases demanding relatively little time from judges receive lower weights (e.g., an overpayment and recovery cost case involving a defaulted student loan is assigned a weight of 0.10).

For comparative analysis in this report, the totals for weighted civil and criminal filings for prior years have been revised based on the new case weighting system. The weighted totals for criminal defendants include transfers but exclude reopenings. Data on civil cases arising by reopening, remand, and transfer to the district by order of the Judicial Panel on Multidistrict Litigation are not included among the totals for weighted filings.

## Median Times

The median times are based on the amount of time elapsed from the date a case was filed to the date of its disposition for the middle case in a series containing an odd number, or the number midway between the two middle cases in a series containing an even number, when the cases are arrayed from least to the most time elapsed.

- **Criminal Felony**
  For criminal felony defendants, median time intervals are calculated using the period from the proceeding date for a defendant (e.g., the date an indictment or information was filed) to the date on which the defendant was found not guilty or was sentenced. Prior to March 2012, the median time interval was computed beginning with the defendant's filing date. Therefore, data for March 2012 and thereafter are not comparable to data for previous periods.

- **Civil**
  For civil cases, median time intervals are calculated using the period from the date a case was filed to the date of its disposition. Median times from filing to disposition reflect all terminated civil cases, regardless of whether they were disposed of by trial or some other method. Civil median times exclude data for civil cases involving land condemnation, prisoner petitions, deportation reviews, recovery of overpayments, and enforcements of judgments. Because courts can quickly process cases involving the recovery of overpayments (which primarily address veterans' benefits) and enforcements of judgments (which primarily address student loans), including data on these cases would shorten the civil median times for some courts to the point of giving an inaccurate impression of the time usually required to process a case in the federal courts.

- **From Filing to Trial (Civil Only)**
  For civil cases, median times from filing to trial are computed using the period from the date a case was filed to the date trial began. For any reopened civil case resulting in a second completed trial, the median time is based on the case's original filing date and the date the trial was completed.

## Civil Cases Over Three Years Old

Data for cases pending more than three years may not match those presented in the Civil Justice Reform Act (CJRA) reports because the profiles presented herein include data for cases on appeal in other courts (i.e., the Supreme Court, courts of appeals, other district courts, and state courts), whereas the CJRA reporting guidelines exclude such data.

## Civil and Criminal Felony Filings by Nature of Suit and Offense

Prior to 2005, alphabetical codes corresponded to different offenses and natures of suit. Therefore, data for 2005 and thereafter are not comparable to data for earlier years. Beginning in March 2012, criminal data counts defendants rather than cases and will not match previously published numbers.